**No. 26-6517**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

Edward Womble

Plaintiff - Appellant,

v.

Patel Rahil; LaShea Young

Defendants - Appellees.

On Appeal from the U.S. District Court
for the Western District of North Carolina
No. 5:26-CV-53, Honorable Matthew E. Orso

# APPENDIX

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, DC 20001
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*

## TABLE OF CONTENTS


**Page**

District Court Index……………………………………………………..…....A. 1

Complaint (Doc. No. 1).………………………………………………......…A. 4

Order (Doc. No. 4)...………………………………………………………...A. 10

Amended Complaint (Doc. No. 6)……………………………………..A. 17

Order (Doc. No.7)……………………...……………………………………A. 33

Judgment (Doc. No. 8)……………………………….………………………...A. 40

Notice of Appeal (Doc. No. 9)…………………….......................................A. 41

APPEAL,CLOSED,PSLC1

# U.S. District Court
# Western District of North Carolina (Statesville)
# CIVIL DOCKET FOR CASE #: 5:26-cv-00053-MEO

Womble v. Honeycutt et al
Assigned to: District Judge Matthew E. Orso
Case in other court: 4th Circuit, 26-06517
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/11/2026
Date Terminated: 04/09/2026
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Petitions: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Edward Lamont Womble**

represented by **Edward Lamont Womble**
0551625
Alexander Correctional Institution
633 Old Landfill Rd
Taylorsville, NC 28681
PRO SE

V.

**Defendant**

**Ronnie L. Honeycutt**
*Warden*
*TERMINATED: 03/18/2026*

**Defendant**

**Patel Rahil**
*Doctor*
*TERMINATED: 03/18/2026*

**Defendant**

**Lashea Young**
*PA-C Doctor*
*TERMINATED: 03/18/2026*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2026 | 1 | COMPLAINT against Ronnie L. Honeycutt, Patel Rahil, Lashea Young with Jury Demand, filed by Edward Lamont Womble. (Attachments: # 1 Affidavit, # 2 Attachment, # 3 Envelope)(cjs) (Entered: 03/12/2026) |
| 03/11/2026 | 2 | AFFIDAVIT - 1983 Application IFP *(Sealed - Participants)* re 1 Complaint by Edward Lamont Womble (Attachments: # 1 Envelope)(cjs) (Entered: 03/12/2026) |

A. 2

| | | |
|---|---|---|
| 03/11/2026 | 3 | Prisoner Trust Fund Account Statement *(Sealed - Court)* by Edward Lamont Womble (Attachments: # 1 Envelope)(cjs) (Entered: 03/12/2026) |
| 03/12/2026 | | **Standing Order Regarding Use of Artificial Intelligence (3:24-mc-104). Click on this link to retrieve the Standing Order** (c js) (Entered: 03/12/2026) |
| 03/12/2026 | | **Standing Order of Instructions Regarding Pro Se Prisoner Civil Actions. Click on this link to retrieve the Standing Order (Pro se lit igant served by US Mail.)(cjs)** (Entered: 03/12/2026) |
| 03/13/2026 | 4 | **ORDER granting in forma pauperis status and the correctional facility is to transmit partial payments. The initial partial filing fee is waived. Signed by Clerk Katherine H. Simon on 3/13/2026. (Copy of Order served by NEF.) (Pro se litigant served by US Mail.)(llp)** (Entered: 03/13/2026) |
| 03/18/2026 | 5 | **ORDER that Plaintiff's 1 Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be DISMISSED WITHOUT PREJUDICE. Defendants Honeycutt, Patel, and Young are hereby DISMISSED as Defendants in this matter. Plaintiff shall have thirty (30) days in which to amend his Complaint. Signed by District Judge Matthew E. Orso on 3/17/2026. (Pro se litigant served by US Mail). (add)** (Entered: 03/18/2026) |
| 04/07/2026 | 6 | AMENDED COMPLAINT against Patel Rahil, Lashea Young, filed by Edward Lamont Womble. (Attachments: # 1 Envelope) No/incorrect case number provided by filer. Clerk docketed in this case after a review of the litigants docket sheet(s).(cjs) (Entered: 04/07/2026) |
| 04/09/2026 | 7 | **ORDER that Plaintiff's 7 Amended Complaint is DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim for relief except for Plaintiff's state law claim based on inadequate medical care, which is DISMISSED WITHOUT PREJUDICE. Signed by District Judge Matthew E. Orso on 4/8/2026. (Pro se litigant served by US Mail). (add)** (Entered: 04/09/2026) |
| 04/09/2026 | 8 | **CLERK'S JUDGMENT is hereby entered in accordance with the Court's Order dated 4/8/2026. Signed by Clerk, Katherine Hord Simon. (Pro se litigant served by US Mail). (add)** (Entered: 04/09/2026) |
| 04/27/2026 | 9 | NOTICE OF APPEAL as to 7 Order Dismissing Case, 8 Clerk's Judgment (not signed) by Edward Lamont Womble. (Attachments: # 1 Envelope)(cjs) Modified on 4/29/2026 (ams). (Entered: 04/28/2026) |
| 04/28/2026 | 10 | Transmission of Notice of Appeal to US Court of Appeals re 9 Notice of Appeal (cjs) (Entered: 04/28/2026) |
| 04/30/2026 | 11 | USCA Case Number 26-6517 for 9 Notice of Appeal USCA Case Manager: K. Hancock. (llp) (Entered: 04/30/2026) |
| 05/04/2026 | | Original Assembled Electronic Record Transmitted to Fourth Circuit re: 9 Notice of Appeal [26-6517]. (llp) (Entered: 05/04/2026) |
| 06/15/2026 | | Appeal filing fee of $605 received via USPS in the Statesville Division and forwarded to the Charlotte Division for processing on this date. (mek) (Entered: 06/15/2026) |
| 06/16/2026 | | Appeal Filing Fee Received: $ 605, receipt number 21689. (add) (Entered: 06/16/2026) |

| PACER Service Center |
|---|
| **Transaction Receipt** |

| 09/02/2026 13:55:33 | | | |
|---|---|---|---|
| **PACER Login:** | rightsbehindbars | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:26-cv-00053-MEO |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

FILED
CHARLOTTE, NC
MAR 11 2026
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

Edward lamont Womble

Plantiff,

COMPLAINT

Case No. 5:26-cv-53-MEO

vs.

Ronnie L. Honeycutt
Rahil, patel
Lashea, young, PA-C

Defendant(s).

---

## A. JURISDICTION

Jurisdiction is proper in this court according to:

✓ 42 U.S.C.§1983

_____42 U.S.C. §1985

_____Other (Please specify)________________

## B. PARTIES

1. Name of Plaintiff: Edward lamont WOMBlE
   Address: 633 Old land fill Road
   TAYLORSVILLE NC
   28681

2. Name of Defendant: Ronnie L. Honeycutt
   Address: 633 Old land fill Road
   TAYLORSVILLE NC
   28681

   Is employed as Warden (Position/Title) at Alexander CORRection (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred? YES ✓ NO _____, if "YES" briefly explain: The warden failed To ensure That guards at (Alexander CI) Adequately respond To serious medical conditions.

3. Name of Defendant: Rahil, patel
Address: 633 old land Fill Road
TAYLORSVILLE NC 28681

Is employed as Doctor (Position/Title) at Alexander Correction (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred? YES ✓ NO _____, if "YES" briefly explain: Doctor Rahil, patel failed To Renew order on hearing aid battery. IT expired April 25, 2025 was not renewed until Jan. 2, 2026

4. Name of Defendant: Lashea, young PA-C
Address: 633 old land fill Road
TAlyorsville NC 28681

Is employed as Doctor (Position/Title) at Alexander Correction (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred? YES ✓ NO _____, if "YES" briefly explain: She order battery for hearing Aid start date 05/09/2024 EXP 11/04/2024

(Use additional sheets if necessary.)

C. NATURE OF CASE

Why are you bringing this case to court? Please explain the circumstances that led to the problem.

on April 25, 2025 my battery for hearing aid expired I am ADA I had hearing Aid since 1-10-2024 battery should never expire This is a serious medical condition and Thus that the warden failed To ensure that Doctor at alexander Correction were adequately.

## D. CAUSE OF ACTION

I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

a. (1) Count 1: Rahil Patel
(2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.)
Rahil patel failed To Renew the battery for my hearing aid at The Time I was under his care so he was responsible for my care

b. (1) Count 2: Lashea Young P.A-C
(2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.)
She order battery for hearing aid on start date 05/09/2024 Exp date was 11-04-2024 should have sent note To Doctor in my care

## E. INJURY

How have you been injured by the actions of the defendant(s)?

I am ADA I wear hearing aid for the fact That I can not hear in Right ear. I went from April 25, 2025 To January 02, 2026 with out hearing aid. I missed overhead annoucements such as meal calls. Med calls (ETC) due To not having battery for hearing aid my hearing aid is a serious medical condition I missed (Religion calls.) Could not hear Radio, could not hear educational calls,) are could not engage with family on the phone could not hear I went through a lot of issues with out my hearing aid.
I am ADA I went through A lot of pain and suffering with out my hearing aid

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action? YES ______ NO __✓__

If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

1. Parties to previous lawsuits:

Plaintiff(s):______________________________

Defendants(s):______________________________

2. Name of court and case or docket number:

______________________________

3. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?)

______________________________

______________________________

______________________________

4. Issued raised:

______________________________

______________________________

______________________________

5. When did you file the lawsuit?______________________________
Date: Month/Year

6. When was it (will it be) decided?______________________________

Have you previously sought informal or form relief from the appropriate administrative officials regarding the acts complained of in Part D? YES ______ NO __✓__

If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

______________________________

## G. REQUEST FOR RELIEF

I believe I am entitled to the following relief:

I, Edward lamont womble #0551625 for All of the aforementioned reasons, planitff prays that This honorable Court grants this Claim and order the appropriate relief in The interest of Justice and fundamental fairness plainitff respectfully requesting 2,000,000,000 in Compesatory damages.

JURY TRIAL REQUESTED YES ✓ NO ____

Signed at Alexander Correction on 3-5-2026.

(Location) (Date)

[signature]

Signature

***Address:*** 633 old land fill Road TAlyorsville NC 28681

***Phone:***

***E-Mail:***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed/ delivered to the following individuals at the addresses listed:

Clerk, U.S. District Court
western district of N.C. 401 west
trade street Room 210
Charlotte, NC 28202

This the 5 day of MARCH, 2026.

[signature]
Signature

Edward lamont WomBlE
(Print Name)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00053-MEO**

| | | |
|---|---|---|
| **EDWARD LAMONT WOMBLE,** <br><br> **Plaintiff,** <br> **vs.** <br><br><br> **RONNIE L. HONEYCUTT, et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

## I. BACKGROUND

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 11, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming the following Defendants: Ronnie L. Honeycutt, identified as the Warden at Alexander; Rahil Patel, identified as a doctor at Alexander; and Lashea Young, identified as a physician's assistant at Alexander.[1] [Doc. 1]. Plaintiff alleges as follows.

Plaintiff cannot hear in his right ear. [Id. at 3]. He is an ADA inmate and has had a hearing aid since January 10, 2024. Defendant Young ordered a battery for the Plaintiff with a "start date" of May 9, 2024, and which expired on November 4, 2024. Plaintiff's hearing aid battery expired on April 25, 2025. [Id. at 2]. From April 25, 2025, to January 2, 2026, Plaintiff was without a

[1] Plaintiff does not allege whether he sues these Defendants in their individual or official capacities. The Court, therefore, will address both.

hearing aid. [Id. at 3]. Defendant Young failed to send a note to the doctor regarding the hearing aid and Defendant Patel failed to renew the battery for Plaintiff's hearing aid while Plaintiff was under his care. [Id.]. Plaintiff missed overhead announcements, could not hear his radio, and "could not engage with family on the phone" while he was without a functioning hearing aid. [Id. at 3].

Plaintiff does not allege what rights he claims were violated as a result of the alleged conduct. [See id. at 3]. The Court will address those claims fairly raised by Plaintiff's Complaint. He seeks monetary relief only. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim. Estelle, 429 U.S. at 106. "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976). Further, the constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim for deliberate indifference to his serious medical needs. At best, Plaintiff's allegations suggest that one or more Defendants may have been negligent in their care of Plaintiff. This does not amount to a constitutional violation redressable under § 1983.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926,

928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, Plaintiff has failed to allege any personal involvement by Defendant Honeycutt, other than a vague allegation that he "failed to ensure" that officials at Alexander "adequately respond to serious medical conditions." [Doc. 1 at 2]. This is plainly insufficient to state a § 1983 claim against Defendant Honeycutt. The Court will dismiss this Defendant.

To the extent Plaintiff purports to sue the Defendants, who he alleges are state officials, for money damages in their official capacities, he has failed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

Finally, to the extent Plaintiff sought to state a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., based on the failure to timely replace his hearing aid battery, he has failed. Other than his allegation of being unable to hear in his right ear, Plaintiff has failed to alleged facts supporting the elements of such an ADA claim. See Miller v. Hinton, 288 Fed. App'x 901, 902 (4th Cir. 2008) (To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from

participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.) (citations omitted). Moreover, "'the ADA cannot be used to assert a claim of inadequate medical care.'" Davis v. Keller, No. 7:23-cv-00593, 2024 WL 4326544, at *8 (W.D. Va. Sept. 27, 2024) (quoting Baxley v. Jividen, 508 F.Supp.3d 28, 62 (S.D.W. Va. 2020)) (collecting cases). The Court, therefore, will dismiss this claim.

The Court will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Honeycutt, Patel, and Young are hereby **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 form.

**SO ORDERED**.

Signed: March 17, 2026

Matthew E. Orso
United States District Judge

FILED
CHARLOTTE, NC
APR 07 2026
US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

__________ Division

Case No. ______________________
*(to be filled in by the Clerk's Office)*

Edward womblE
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Rahil patel, Lashea young
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Edward lamont WomblE
All other names by which you have been known: N/A
ID Number: 0551625
Current Institution: Alexander Correctional
Address: 633 old land fill Road
TAYlORSVIlE (City) NC (State) 28681 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Rahil patel
Job or Title *(if known)*: Doctor
Shield Number: N/A
Employer: Alexander Correctional
Address: 633old land fill Road
TAYlORSVillE (City) NC (State) 28681 (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 2
Name: Lashea young
Job or Title *(if known)*: pa
Shield Number: N/A
Employer: Alexander CorrecTional
Address: 633old land fill Road
TAYlORVillE (City) NC (State) 28681 (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name ______

Job or Title *(if known)* ______

Shield Number ______

Employer ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name ______

Job or Title *(if known)* ______

Shield Number ______

Employer ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th or in the alternative 14th Amendment To be secure from cruel and unusual punishment.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. THE defendants violated my 8th or in The alternative 14th Amendment To be secure from Cruel and unusual punishment

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Alexander Correctional (Apirl 25, 2025)

C. What date and approximate time did the events giving rise to your claim(s) occur?

Apirl 25 2025) 0925 Am

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. losted hearing in Right EAR for 9 months DUE TO not havenig Buttery for hearing aid.) missed over head Calls. (ETC) (Religion Calls educational calls.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE next pagE

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Alexander Correctional

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [x] Yes
- [ ] No
- [ ] Do not know

If yes, which claim(s)?

this onE

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

   Alexander Correctional

2. What did you claim in your grievance? that my Eighth Amendment have been violated, due to my hearing and Battery

3. What was the result, if any?

   NONE

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Step 3#

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition. N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? N/A

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) N/A
   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-1-2026

Signature of Plaintiff: Edward Lamont Womble

Printed Name of Plaintiff: Edward lamont womble

Prison Identification #: 0551625

Prison Address: 633 old land fill Road

TAYLORSVILLE, NC 28681

City, State, Zip Code

### B. For Attorneys

Date of signing: ______

Signature of Attorney: ______

Printed Name of Attorney: ______

Bar Number: ______

Name of Law Firm: ______

Address: ______

City, State, Zip Code

Telephone Number: ______

E-mail Address: ______

United States District Court
Western District of North Carolina

Edward lamont womble, Plaintiff,

v.

Rahil patel, Lashea young

SWORN VERIFIED Complaint

## INTRODUCTION

This is A Civil Rights Action Filed by Edward lamont womble, A State prisoner proceeding pro se, for Damges, injunctive, And Declatory Relief under 42 U.S.C. 1983, Alleging inadequate medical care, and deliberate indifference, inviolation of The 8th And/or 14th Amendments To The United States Constitution.

## JURISDICTION

1. This Court Has Jurisdictoin over The plaintiffs Claims of violation of federal Constitutional Rights.

2. THE plainTiFF, Edward L. Womble is a state prisoner at Alexander Correctional institution DURING THE EVENTS DESSRIBED BELOW IN This Complaint.

3. Defendant Rahil patel is a doctor AT Alexander Correctional Employed By "NCDAC"

4. Defendant Lashea Young is a physicians Assistant at Alexander Correctional

5. FACTS

On April 25, 2025 my Battery FOR my Hearing aid Expired

6. on April 26. 2025 I asked nurse staff for A Battery FOR hearing aid was Told on multiple occasions. Battery's was on order.

7. I was denied a Battery for 9 months on Jan 2 2026 The order was renwed

8. Doctor Rahil patel. Violated my 8th or inthe alternative 14th Amendment To be Secure from Cruel and unusual pumishment when he did not Renew my Battery for hearing aid. I was under his care from 7-14-2025 To January 30 2026.

9. Lashea young violated my 8th or in The alternative 14th Amendment To Be secure from Cruel and unusual punishment.) when she as my provider previously.) who order Battery for hearing aid. did not Sent a request To Rahil patel about Battery.

10 Finally, it should be noted That I am ADA had hearing aid Since 1-10-24 This is a serious medical need.

11. staff Knew I had a Serious medical need staff ignored my need for a Battery for 9 months.

12. The lack of not having my Battery for 9 months. Caused missed meal Calls, missed meal Calls, missed medical Calls (ETC).

13. DECLARATION

PURSUANT 28 USC §§ 1746 I Declare under penalty of perjury That The AFOREGOING IS TRUE AND CORRECT BASED UPON MY OWN PERSONAL KNOWLEDGE AND BELIEF.

14. RELIEF DEMANDED.

WHEREFORE,

PLAINTIFF REQUESTS The Following RELIEF:

1. $ 500,000.000 Compensatory DamAGES, AGainST All Defendants. JOINTLY and SEVERLY.

2. $ 500,000.000 PUNITIVE DamAGES TO DETER FUTURE REOCCURRENCE.

3. DECLATORY RELIEF, IN THAT THE COURT DECLARE That PLAINTIFFS RighTS WERE VIOLATED UNDER FEDERAL AND STATE LAW.

4. FOR ANY OTHER AND FURTHER RELIEF THE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

Edward Lamont Womble

Edward L. WOMBLE
#0551625 PRO SE
Alexander CORR INST.
633 old land fill Road
TAYLORSVILLE NC 28681

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:26-cv-00053-MEO**

| | | |
|---|---|---|
| **EDWARD LAMONT WOMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |
| | ) | |
| | ) | |
| **PATEL RAHIL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 6], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

## I. BACKGROUND

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 11, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming Defendants: Ronnie L. Honeycutt, identified as the Warden at Alexander; Rahil Patel, identified as a doctor at Alexander; and Lashea Young, identified as a physician's assistant at Alexander. [Doc. 1]. Plaintiff's Complaint failed initial review for his failure to state a claim upon which relief could be granted, and the Court dismissed it without prejudice. [Doc. 5]. The Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 6].

Now before the Court for initial review is Plaintiff's timely Amended Complaint. [Doc. 6]. Plaintiff names Patel and Young as Defendants in their individual and official capacities. [Id.

at 2]. Plaintiff alleges as follows. On April 25, 2025, Plaintiff's hearing aid battery expired. The next day, Plaintiff asked nursing staff for a new battery. He was told on multiple occasions that a battery was "on order." On January 2, 2026, the battery order was renewed. [Id. at 13]. Plaintiff was under Defendant Patel's care from July 14, 2025, to January 30, 2026. Defendant Patel did not renew Plaintiff's hearing aid battery. Defendant Young was Plaintiff's provider who previously ordered a hearing aid battery for the Plaintiff. She did not send a request to Defendant Patel about the battery. Plaintiff has been an ADA prisoner since January 10, 2024, which reflects that his hearing loss is a serious medical need. Despite "staff" knowing that Plaintiff had a serious medical need, they ignored his need for a battery for nine months. [Id. at 14].

Plaintiff alleges having received inadequate medical care and violation of his rights under the Eighth, or alternatively Fourteenth, Amendment.[1] [Id. at 3, 12]. Plaintiff claims to have lost hearing in his right ear for nine months, which caused him to miss overhead announcements, including meal, religion, medical and educational calls. [Id. at 5, 14]. Plaintiff seeks monetary and declaratory relief. [Id. at 15].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is

[1] Because the Plaintiff's claim is more properly considered under the Eighth Amendment, the Court will disregard Plaintiff's alternative claim under the Fourteenth Amendment.

frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Official Capacity

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

**B. Eighth Amendment**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 1096 (quoting Farmer, 511 U.S. at 837).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim. Estelle, 429 U.S. at 106. "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976). Further, the constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has again nonetheless failed to state a claim for deliberate indifference to his serious medical needs. That is, Plaintiff's allegations fail to suggest that either Defendant actually knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. Rather, Plaintiff alleges only that Plaintiff was under Defendant Patel's care for part of the relevant time and that Defendant Patel did not renew the battery. As to Defendant Young, Plaintiff alleges only that Defendant Young was the provider who previously ordered a hearing aid battery for the Plaintiff and that she did not send a request to Defendant Patel about the battery. At best, Plaintiff's allegations suggest that one or more individuals may have been negligent in their care of Plaintiff. This does not amount to a constitutional violation redressable under § 1983.

To the extent Plaintiff sought to state a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., based on the failure to timely replace his

hearing aid batter, he has again failed. Other than his allegation of being unable to hear in his right ear, Plaintiff has failed to alleged facts supporting the elements of such an ADA claim. See Miller v. Hinton, 288 Fed. App'x 901, 902 (4th Cir. 2008) (To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.) (citations omitted). Moreover, "'the ADA cannot be used to assert a claim of inadequate medical care.'" Davis v. Keller, No. 7:23-cv-00593, 2024 WL 4326544, at *8 (W.D. Va. Sept. 27, 2024) (quoting Baxley v. Jividen, 508 F.Supp.3d 28, 62 (S.D.W. Va. 2020)) (collecting cases). The Court, therefore, will dismiss this claim.

To the extent that the Plaintiff seeks relief under North Carolina law based on inadequate medical care, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

Because Plaintiff has failed to state any claim for relief in his Amended Complaint and additional opportunity to amend would be futile, the Court will dismiss Plaintiff's federal claims with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020). The Court will, however, dismiss Plaintiff's state law claim without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice except for Plaintiff's state law claim, which the Court dismisses without prejudice to

Plaintiff seeking relief in state court, if he so chooses.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim for relief except for Plaintiff's state law claim based on inadequate medical care, which is **DISMISSED WITHOUT PREJUDICE** as further set forth in this Order.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 8, 2026

Matthew E. Orso
United States District Judge

# United States District Court
# Western District of North Carolina
# Statesville Division

| | | |
|---|---|---|
| Edward Lamont Womble, | ) | JUDGMENT IN CASE |
| | ) | |
| Plaintiff(s), | ) | 5:26-cv-00053-MEO |
| | ) | |
| vs. | ) | |
| | ) | |
| Patel Rahil<br>Ronnie L. Honeycutt<br>Lashea Young,<br>Defendant(s). | )<br>)<br>)<br>) | |

DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's April 8, 2026 Order.

April 9, 2026

Katherine Hord Simon, Clerk
United States District Court

FILED
CHARLOTTE, NC

APR 27 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

I Edward lamont womble #0551625. I would like To appeal Case # 5:26-cv-00053-MEO. To The Fourth Circuit court of appeal

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, I electronically transmitted the foregoing appendix to the Clerk of the Court using the appellate CM/ECF System, causing it to be served on counsel of record, who are all registered CM/ECF users.

/s/ *Samuel Weiss*
Samuel Weiss