No. 26-6517

# In the United States Court of Appeals for the Fourth Circuit

EDWARD WOMBLE,

*Plaintiff-Appellant*,

v.

RAHIL PATEL *et al.*,

*Defendants-Appellees*.

*On Appeal from the United States District Court for the Western District of North Carolina*

## MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF-APPELLANT AND REVERSAL

Movant Constitutional Accountability Center hereby requests leave under Federal Rule of Appellate Procedure 29(a)(3) to file an *amicus curiae* brief in support of Plaintiff-Appellant and reversal. The brief is attached to this motion. Counsel for Plaintiff-Appellant has consented to the filing of this brief; no appearance has been entered for Defendants-Appellees. In support of this motion, *amicus* states:

1. Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and to preserve the rights and

freedoms it guarantees. CAC also has a strong interest in ensuring that important federal statutes, including the Americans with Disabilities Act (ADA), are interpreted in a manner consistent with their text and history and so has an interest in this case.

2. CAC has filed *amicus* briefs in the Supreme Court and federal courts of appeals addressing the meaning and scope of the ADA, *see, e.g.*, Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Petitioner, *Stanley v. City of Sanford*, No. 23-997 (U.S. filed Sept. 23, 2024); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Respondent, *Acheson Hotels, LLC v. Laufer*, No. 22-429 (U.S. filed Aug. 9, 2023), including the meaning and scope of Title II's broad bar on disability discrimination by public entities, *see, e.g.*, Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Plaintiffs-Appellants, *Payan v. L.A. Cmty. Coll. Dist.*, No. 24-1809 (9th Cir. filed Nov. 8, 2024). Accordingly, CAC has developed expertise relevant to the proper interpretation of the ADA's nondiscrimination mandate.

3. CAC believes its proposed brief would be useful to the Court for several reasons. First, it provides a detailed examination of the text and history of Title II, which requires public entities, including state prisons, to accommodate prisoners with disabilities so they can meaningfully access public services, programs, and activities. Second, it explains that, contrary to the district court's suggestion below,

there is no carveout to Title II that excludes prison medical care from the scope of the statute's nondiscrimination mandate and, in any event, disability accommodations sought under the ADA do not constitute medical treatment at all. Third, it offers an analysis of *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996), and describes why that case and its progeny, on which the decision below partially relied, were wrongly decided and should not foreclose a wide swath of prisoners' meritorious claims for disability accommodations.

4. For the foregoing reasons, *amicus curiae* respectfully requests leave to file the attached *amicus* brief.

Respectfully submitted,

*/s/ Brianne J. Gorod*
Elizabeth B. Wydra
Brianne J. Gorod
Joshua D. Blecher-Cohen
Nina G. Henry
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amicus Curiae*

Dated: September 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September, 2026, I electronically filed the foregoing document using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: September 9, 2026

*/s/ Brianne J. Gorod*
Brianne J. Gorod